IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| OSCAR LEIVA,<br><br>                Plaintiff,<br><br>     v.<br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security,<br><br>                Defendant. | 8:21CV444<br><br>MEMORANDUM<br>AND ORDER |

      This matter is before the Court on plaintiff Oscar Leiva's ("Leiva") Petition for Attorney's Fees (Filing No. 38) under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). As pertinent here, the EAJA authorizes an award of "fees and other expenses" to a prevailing party in any civil action "brought by or against the United States," unless the government's position was "substantially justified or . . . special circumstances make an award unjust." *Id.* § 2412(d)(1)(A).

      On December 5, 2022, this Court affirmed (Filing No. 22) the final decision of defendant Kilolo Kijakazi, Acting Commissioner of Social Security ("Commissioner"), denying Leiva's claims for disability benefits under Title II of the Social Security Act (the "Act"), 42 U.S.C. § 401 *et seq.*, and for supplemental security income under Title XVI of the Act, 42 U.S.C. § 1381 *et seq.* Leiva timely appealed (Filing No. 25).

      On June 6, 2023, at the Commissioner's request, the United States Court of Appeals for the Eighth Circuit remanded the case (Filing No. 34) to this Court "with instructions to enter a final judgment reversing the decision of the administrative law judge and remanding the matter to the Commissioner for further administrative proceedings pursuant to the fourth sentence of 42 U.S.C. § 405(g)." The Court followed suit and entered judgment in Leiva's favor two days later (Filing Nos. 36 and 37).

In light of that ruling, Leiva now requests an award of attorney fees in the amount of $7,278.06 and costs of $402, arguing the Commissioner's consent motion for remand demonstrates her position "was not substantially justified" under § 2412(d)(1)(A). Leiva has provided a detailed itemization of his time and billing rates over the three years this case has been in this Court and on appeal. In response (Filing No. 39), the Commissioner "does not object to an award" in the amount Leiva requests but notes it may be subject to offset under *Astrue v. Ratliff*, 560 U.S. 586, 593 (2010). The Commissioner also emphasizes the distinction between an award of attorney fees and expenses under the EAJA and an award of costs, which she states "are paid by the Judgment Fund. See 28 U.S.C. §§ 2412(c)(1), 2412(d)(2)(A), 2412(d)(2)(4), 2414."

Having carefully reviewed Leiva's petition and supporting materials and the Commissioner's response, the Court finds Leiva is a prevailing party entitled to an EAJA attorney fee award of $7,278.06 and costs of $402 to be paid by the Social Security Administration. Leiva has satisfied the EAJA's statutory requirements, *see* 28 U.S.C. § 2412(d)(1)(A), and his attorney-fee request is timely,[1] reasonable, and supported by the record. Although payable to Leiva, the EAJA fee award can be sent to his attorneys for distribution. *See Ratliff*, 560 U.S. at 589-90.

Based on the foregoing,

IT IS ORDERED:

1. Plaintiff Oscar Leiva's petition for attorney fees (Filing No. 38) under the Equal Access to Justice Act, 28 U.S.C. § 2412(d), is granted.
2. Leiva is awarded attorney fees in the amount of $7,278.06 and costs of $402.

---

[1] A prevailing party requesting an EAJA fee award based on a remand under sentence four of 42 U.S.C. § 405(g) must apply no later than thirty days after the judgment has been entered and the appeal period has run such that the judgment is no longer appealable. *See Pottsmith v. Barnhart*, 306 F.3d 526, 527-28 (8th Cir. 2002); *see also Shalala v. Schaefer*, 509 U.S. 292, 302 (1993); *Melkonyan v. Sullivan*, 501 U.S. 89, 94-97 (1991).

3. The Social Security Administration shall make the fee award payable to Leiva and deliver the payment to the Kappelman Law Firm at its address of record.

4. A separate judgment will issue.

Dated this 22nd day of September 2023.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge