IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| OSCAR LEIVA,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>FRANK BISIGNANO, Commissioner of Social Security,<br><br>　　　　　　　Defendant. | 8:21CV444<br><br>**MEMORANDUM AND ORDER** |

　　　This matter is before the Court on plaintiff Oscar Leiva's ("Leiva") Motion for Attorney Fees pursuant to 42 U.S.C. § 406(b) (Filing No. 42) as amended (Filing No. 47). On June 8, 2023, in accordance with an order of the Eighth Circuit on remand (Filing No. 34), the Court entered an order (Filing No. 36) reversing the Commissioner of Social Security's ("Commissioner") final decision denying Leiva's claims for disability benefits under Title II of the Social Security Act (the "Act"), 42 U.S.C. § 401 *et seq.*, and for supplemental security income under Title XVI of the Act, 42 U.S.C. § 1381 *et seq.*

　　　As instructed, the Court remanded the case for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g). Upon notice that Leiva received an award of benefits on remand, the Court granted Leiva's Petition for Attorney's Fees (Filing No. 38) under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), and awarded fees of $7,278.06 and costs of $402 (Filing No. 40). *See id.* § 2412(d)(1)(A). Leiva, through counsel, reports his counsel received those fees without offset under *Astrue v. Ratliff*, 560 U.S. 586, 593 (2010). He further reports an earlier EAJA award of $3,148.60 was entirely offset (Filing No. 42-4), leaving nothing for counsel.

　　　Leiva now requests an award of $33,079.25 in fees under § 406(b) (Filing No. 47), which represents "25 percent of past due benefits - $7,200" in fees awarded under § 406(b)

for previous work before the Social Security Administration. Leiva reports his counsel "expended more than 45.45 hours for work performed in federal courts," which yields a hypothetical hourly rate of approximately $727.82 per hour. Leiva contends this is a reasonable fee under *Gisbrecht v. Barnhart*, 535 U.S. 789, 808-09 (2002) (establishing the reasonableness standard and listing factors to consider), given the risk of counsel not getting paid in contingency cases—a risk that is only heightened by the potential for offset. In further support of the requested fee award, he points out his counsels' experienced work in his case "spanned [two] federal court remands, included an appeal to the Eighth Circuit, and led to remand and the eventual award of benefits in the agency."

Any fees the Court awards under § 406(b) may be paid directly to counsel from the claimant's past-due benefits. *See Ratliff*, 560 U.S. at 595 (citing 42 U.S.C. § 406(b)(1)(A)); 20 C.F.R. § 404.1720(b)(4). Leiva's counsel requests that payment be sent to Rita J. Kitchens-Bohaboj, "who can reimburse Mr. Leiva the second EAJA award" of $7,278.06 "and then disburse to" Leiva's other counsel "their portions of the award."

The Commissioner corrects some of Leiva's numbers (Filing Nos. 46, 47) but otherwise "neither supports nor opposes counsel's request for attorney's fees under 42 U.S.C. § 406(b) except to the extent that the requested fee exceeds the statutory cap." Noting he "plays a part in the fee determination resembling that of a trustee for the claimants," the Commissioner reminds the Court that it must decide if Leiva's fee request under § 406(b) is reasonable under the circumstances. *Gisbrecht*, 535 U.S. at 798 n.6, 807-808. The Court concludes it is.

Having carefully considered the relevant factors, including the "character of the representation," the extensive procedural history in this case, the results his counsel achieved, and the realistic risk of nonrecovery, the Court finds Leiva's requested fee award is reasonable for the services rendered. *Id.* at 807-08.

In light of the foregoing,

IT IS ORDERED:

1. Plaintiff Oscar Leiva's Motion for Attorney Fees pursuant to 42 U.S.C. § 406(b) (Filing No. 42) as amended (Filing No. 47) is granted.
2. Leiva is awarded attorney fees in the amount of $33,079.25 to be paid out of his past-due benefits. *See id.*
3. The Social Security Administration shall send the fee-award payment to attorney Rita J. Kitchens-Bohaboj at her address of record.
4. She shall then refund to Leiva the $7,278.06 EAJA fee award and disburse to attorneys Wes Kappelman and Michael J. Haller their respective portions of the § 406(b) award.
5. A separate judgment will issue.

Dated this 13th day of November 2025.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge